# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

IN RE:

| | | |
|---|---|---|
| **BISON GLOBAL LOGISTICS, INC.** § | | Case No. 17-11154-tmd |
| Debtor § | | (Chapter 11) |

## DEBTOR'S EXPEDITED MOTION FOR SALE OF PROPERTY FREE AND CLEAR OF LIENS AND ENCUMBRANCES (15 Trailers) AND TO ESTABLISH PROCEDURES FOR SALE OF ADDITIONAL EXCESS PROPERTY

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Bison Global Logistics, Debtor herein, and file this Expedited Motion for Sale of Property Free and Clear of Liens and Encumbrances (15 Trailers) and to Establish Procedures for Sale of Additional Excess Property, and in support thereof would show the following:

1. By this Motion, the Debtor seeks permission to sell fifteen (15) trailers to Double Diamond Holdings, LLC for $201,000 free and clear of liens and encumbrances and to obtain permission for similar sales with the consent of the affected lender.

## JURISDICTION AND PROCEDURAL BACKGROUND

2. On September 14, 2017 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Texas, Austin Division ("Court"), thereby commencing this chapter 11 case ("Case"). Debtor continues in possession of its property and it is operating and managing its business as a debtor in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108.

3. No trustee or examiner has been appointed in the Debtor's Chapter 11 Case, nor has a creditors' committee or other official committee been appointed pursuant to 11 U.S.C. §

1102.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The basis for the relief herein is primarily grounded in 11 U.S.C. §363(f)

### THE DEBTOR'S BUSINESS

**Overview**

6. Bison Global Logistics, Inc. ("Bison") is a corporation based in Austin, Texas, which has been involved in the trucking business since 1991. As of the Petition Date, the Debtor leased locations in Austin, Dallas and San Antonio, Texas.

**Financial Information**

7. Bison does not own any real property. Its locations are leased. The Debtor owns a fleet of trucks and trailers which it values at $5,251,000.00. The Debtor has additional equipment, such as forklifts, computers and office equipment. As of the Petition Date, the Debtor held $62,225.84 in its bank accounts and was owed accounts receivable in the amount of $620,170.91.

8. Excluding ad valorem tax liabilities, the Debtor has the following secured debts:

| Creditor | Claimed Debt Amount | Collateral | Source of Perfection |
|---|---|---|---|
| Equify Financial | $55,000.00 | 2016 International Harvester (VIN ending 0257) | Lien on title UCC1 Financing Statement |
| Frontier Bank | $20,022.78 | 2007 Freightliner (VIN ending 8478) | Lien on title |
| Frontier Bank | $107,205.08 | Trailers | Lien on title |
| Frontier Bank | $150,069.00 | Trailers | Lien on title |
| PACCAR Financial | $10,000.00 | 2012 Kenworth VIN ending 0119) | UCC1 Financial Statement and lien on title |

| People's United Equipment Finance | $1,738,000.00 | Numerous trucks and trailers; subordinate lien on all of Debtor's assets | UCC1 Financial Statement and lien on title |
| People's Bank of Alabama dba Pro Biling | $7,700,000.00 | Accounts, accounts receivable, general intangibles, returned goods together with all amounts to Debtor's credit and on deposit with Secured Party | UCC1 Financing Statement |
| RBank | $670,000.00 | 2012 Kenworth (VIN ending 2954) | |
| TLC Tonerland, LP | | Specific office equipment | UCC1 Financing Statement |
| Toyota Financial Services | $26,180.00 | 2016 HINO (VIN ending 4830) Forklifts | UCC1 Financing Statement |
| Volvo Financial Services | $1,158,000.00 | Multiple vehicles | UCC1 Financing Statement |

**Reasons for Filing Bankruptcy**

9. Bison filed its petition on September 14, 2017 after its factor, People's Bank of Alabama d/b/a ProBilling uncovered an ongoing scheme by Debtor's former Chief Financial Officer to submit fraudulent invoices. The company's operations were shut down following injunctive relief obtained by ProBilling. The fraudulent scheme is believed to have been concocted by Nicolette Osborne, the company's former Chief Financial Officer. The company filed chapter 11 in order to gain a respite from its creditors, re-start operations, liquidate excess property and maximize value for creditors.

**Post-Bankruptcy Operations**

10. Since filing bankruptcy, the Debtor has been faced with five motions for relief from stay filed by landlords, equipment lenders and ProBilling. The Debtor has obtained new premises in Dallas through an affiliate, Bison Freight Solutions and is in the process of moving

moving its Austin location as well. The Debtor has obtained insurance for its fleet of trucks and trailers and is currently operating two or three trucks at this time. The Debtor is also generating income from storage operations. The Debtor is also in the process of employing Dan Bensimon as Financial Advisor.

11. As part of the Debtor's reorganization strategy, it intends to downsize its operations and pay down the debt on its property. The Debtor has received an offer from Double Diamond Holdings, LLC, 111 Woodstone Loop, Cibolo, TX 78108, to purchase fifteen (15) trailers for $13,500.00 each for a gross sale of $201,000.00. Double Diamond Holdings is a third party that is not related to the Debtor or its principal, Allen Thomas Love. A true and correct copy of the offer is attached as Exhibit A. The body of the letter of intent refers to a sales price of $13,000.00 per trailer. However, the amount contained in the attachment of $13,500.00 is the correct amount. In its schedules, the Debtor valued the three Wabash trailers at $12,000.00 each and the twelve Hyundai trailers at $14,000.00 each. Thus, the sales price is within $3,000.00 of the scheduled value.

12. The trailers are pledged to People's United Equipment Finance Corp (PUEFC). Debtor has conferred with PUEFC which consents to the sale. All net funds from the sale will be paid to PUEFC to reduce its debt.

13. In addition to approving the instant sale, the Debtor requests permission to sell additional collateral pledged to PUEFC so long as PUEFC consents to the sale. Debtor proposes to file a notice of sale as each sale is consummated.

### ARGUMENTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR SALE OF PROPERTY FREE AND CLEAR OF LIENS

14. Under 11 U.S.C. §363(b)(1), a trustee may sell property of the estate not in the ordinary course of business. In order to sell property under §363(b)(1), the Debtor must

demonstrate that is has exercised business judgment. In preparing its schedules, the Debtor consulted with persons knowledgeable about the sale of used transportation equipment and valued its trucks and trailers accordingly. The Debtor negotiated a sale with Double Diamond in an arms-length sale to a third party. The Debtor is satisfied that a sale for 99% of scheduled value is in the best interest of the Debtor. The sale will allow the Debtor to reduce its secured debt and also avoid the cost of maintaining equipment it is not presently utilizing nor plans to utilize.

15. Under 11 U.S.C. §363(f) the trustee may sell property free and clear of liens if one of several tests is met. Under §363(f)(2), property may be sold free and clear of liens if the creditor consents. This condition is satisfied as to PUEFC. Because the debt to PUEFC exceeds the value of the collateral to be sold, there is no other party with a secured claim against the property by operation of 11 U.S.C. §506(a).

16. Debtor seeks authorization of future sales of property pledged to PUEFC on the same basis as the present sale so long as PUEFC consents.

WHEREFORE, Debtor requests that the Court authorize the sale of fifteen (15) trailers to Double Diamond Holdings, LLC free and clear of liens and encumbrances authorize other sales of collateral pledged to PUEFC with such entity's consent; and grant any other and further relief to which Debtor is entitled

Respectfully Submitted,

**BARRON & NEWBURGER, P.C.**
7320 N. Mopac Expy, Suite 400
Austin, Texas 78731
(512) 649-3243
(512) 476-9253 Facsimile

/s/ Stephen Sather
Stephen Sather
State Bar No 17657520

**ATTORNEY FOR DEBTOR,
BISON GLOBAL LOGISTICS**


### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 27, 2017 a true and correct copy of the above and foregoing *Expedited Motion for Sale of Property Free and Clear of Liens* was served upon the parties on the attached Matrix by United States Mail, first class, postage prepaid and to the party listed below.

Thomas A. Knapp
Brown & Fortunato, P.C.
905 S. Filmore, Suite 400
Amarillo, TX  79101
Attorney for Purchaser

/s/ Stephen Sather
Stephen Sather

# FIRST MASTER SERVICE LIST
*(September 27, 2017)*

**United States Trustee:**

Henry G. Hobbs,
Deborah Bynum
Office of the U.S. Trustee
903 San Jacinto Blvd., Room 230
Austin, TX 78701
henry.g.hobbs@usdoj.gov
deborah.a.bynum@usdoj.gov

**Debtor:**

Bison Global Logistics, Inc
Attn: Tommy Love
1201 S. Heatherwilde Blvd
Pflugerville, TX 78660

**Proposed Professionals for Debtor:**

Barbara M. Barron
Stephen W. Sather
Barron & Newburger, P.C.
7320 N. MoPac Expressway
Greystone II, Suite 400
Austin, TX 78731
bbarron@bn-lawyers.com
ssather@bn-lawyers.com

**Secured Creditors (cont'd):**

People's United Equip Finance
PO Box 181
Brattleboro, VT 05302

Probilling Funding & Service
401 Lee St, Suite 500 NE
Decatur, AL 35601

R Bank
3600 E. Palm Valley Blvd
Round Rock, TX 78665

**Secured Creditors:**

Equify Financial
777 Main Street
Ft. Worth, TX 76102

Frontier Bank
PO Box 551
Elgin, TX 78621

PACCAR Financial Corp.
PO Box 1518
Bellevue, WA 98004

Toyota Financial Services
PO Box 650686
Dallas, TX 75265

Volvo Financial Services
PO Box 7247
Philadelphia, PA 19170

**Twenty Largest Unsecured Creditors:**

Internal Revenue Service
Attn: Special Procedures
300 E. 8th Street, Stop 5026 AUS
Austin, TX 78701

Perdue Brandon
1616 S. Kentucky, Suite 200 Bldg. D
Amarillo, TX 79102

Xtra Lease
662 N. WW White Rd
San Antonio, TX 78219

Bank Direct Capital Finance
150 N. Field Drive, Suite 190
Lake Forest, IL 60045

**Twenty Largest Unsecured Creditors (cont;d):**

Fleet One
MSC 30425
PO Box 415000
Nashville, TN 37241-5000

Echo Global Logistics
600 West Chicago Ave
Chicago, IL 60654

Jordan 55
2435 Burbank St
Dallas, TX 75235

Fred R. Langley & Companies
520 W. Summit Hill Dr., Suite 1201
Knoxville, TN 37902

All-Ways Leasing
10650 Culver's Rd #104-508
San Antonio, TX 78251

Frontier Bank
PO Box 569130
Dallas, TX 75356

Rusty Tomasek
3122 Matador Drive
Belton, TX 76513

City of Austin
PO Box 2267
Austin, TX 78768-2267

Alliance One
Receivables Mgt
6160 Mission George Rd., Suite 300
San Diego, CA 92120

Tex-Con Oil
1701 Grand Ave Pkwy
Pflugerville, TX 78660

FreightPros
3307 Northland Drive, Suite 360
Austin, TX 78731

LNO Tire Company
PO Box 65181
San Antonio, TX 78265

Bexar County Tax Collector
PO Box 839950
San Antonio, TX 78282-3950

Stratton Wright & Ziemer Ins
5712 Colleyville Blvd., Suite 240
Colleyville, TX 76034

Taylor Oil
3701 N. Sylvania Ave
Ft. Worth, TX 76137

McGuire Tire, LLC
603 S. 1st Street
Temple, TX 76504

# FIRST MASTER LIMITED SERVICE LIST
### *(September 27, 2017)*

**Additional Notice:**

Robert Grawl, Jr.
1300 Post Oak Blvd., Suite 1300
Houston, TX 77056

Ron Satija
Hajjar Peters, LLP
3144 Bee Caves Road
Austin, TX 78746
rsatija@legalstrategy.com

Elizabeth Weller
Linebarger Goggan Blair & Sampson, LLP
2777 N. Stemmons Freeway, Suite 1000
Dallas, TX 75207
dallas.bankruptcy@publicans.com

Michael P. Ridulfo
Kane Russell Coleman Logan, P.C.
5051 Westheimer Road, 10th Floor
Houston, TX 77056
mridulfo@krcl.com

Don Stecker
Linebarger Goggan Blair & Sampson, LLP
711 Navarro Street, Ste 300
San Antonio, TX 78205
sanantonio.bankruptcy@publicans.com

Eric J. Taube
Cleveland Burke
Waller Lansden Dortch & Davis
100 Congress Ave., Suite 1800
Austin, TX 78701
eric.taube@wallerlaw.com
cleve.burke@wallerlaw.com

Mark W. Stout
Jeffrey V. Leaverton
Padfield & Stout, LLP
421 West Third Street, Suite 910
Ft. Worth, TX 76102
mstout@padfieldstout.com
jleaverton@padfieldstout.com

C. Daniel Roberts
C. Daniel Roberts & Associates
1602 E. Cesar Chavez
Austin, TX 78702
droberts@cdrlaw.net

A. Lee Rigby
Smith Robertson
221 West Sixth Street, Suite 1100
Austin, TX 78701
lrigby@smith-robertson.com

Leon B. Komkov
Cardwell, Hart & Bennett, LLP
807 Brazos, Suite 1001
Austin, TX 78701
leonkomkov@gmail.com

Mark P. Solomon
Gerald Gillespy
Burr & Forman
420 North 20th Street, Suite 3400
Birmingham, AL 35203
msolomon@burr.com

November 8, 2017

**PRIVATE AND CONFIDENTIAL**

Adam Love
Bison Global Logistics, Inc.
P.O. Box 1847
Pflugerville, TX 78691

Re: Trailer Purchase

Dear Mr. Love:

Execution of this Term Sheet (the "**Term Sheet**") by you on behalf of Bison Global Logistics, Inc. ("**Bison**") will acknowledge your interest in selling the assets listed on the attached Exhibit A (the "**Assets**") to Double Diamond Holdings, LLC ("**Double Diamond**") subject to the terms contained herein. This non-binding Term Sheet will establish a general basis for the terms and conditions of the proposed transaction. The parties will enter into a bill of sale subject to the terms contained herein.

1. **Terms.** Some of the principal terms that we expect to be contained in the bill of sale are set forth below:

    A. Purchase Price. The purchase price will be $13,000 per trailer listed on Exhibit A and will be transferred through a bill of sale transferring title to Double Diamond.

    B. Conditions Precedent. As a condition to the sale, Bison must obtain written court approval from the Texas Western Bankruptcy Court. Bison must also obtain written consent and provide payoff letters from the lienholder of the Assets.

    C. Lien Free Transaction. Double Diamond shall acquire the Assets free and clear of all liens, debts or encumbrances.

2. **Fees and Expenses.** Each party will be responsible for its own expenses and those of its agents, auditors, attorneys and consultants incurred in connection with this Term Sheet and the proposed transaction. Each party will hold the other harmless from any claims of brokers or finders claiming through it.

3.  **No Other Statements.** The parties agree that as of this date there are no oral or written representations, agreements or understandings concerning the subject matter of this Term Sheet or the transactions contemplated herein.

4.  **Governing Law.** This Term Sheet shall be governed by and construed in accordance with the laws of the State of Texas.

[SIGNATURE PAGE FOLLOWS]

We hope that this Term Sheet effectively communicates our proposed transaction. Please execute a copy of this Term Sheet and return to us. If you have any questions, please do not hesitate to call me.

Sincerely,

DOUBLE DIAMOND HOLDINGS, LLC

By: _____
　　　Adam T. Blanchard, Manager

**AGREED TO AND ACCEPTED:**

BISON GLOBAL LOGISTICS, INC.

By: _____
Name: _____
Title: _____

F:\DOCS\6192\000\OTHER\2BE5847.DOC

# EXHIBIT A

| Trailer Number | Year | Make | VIN | Sales Price |
|---|---|---|---|---|
| 613 | 2011 | Wabash | 1JJV532D4CL729329 | $ 13,500.00 |
| 614 | 2011 | Wabash | 1JJV532DXCL729187 | $ 13,500.00 |
| 620 | 2012 | Hyundai | 3H3V532C5DT325061 | $ 13,500.00 |
| 621 | 2012 | Hyundai | 3H3V532C7DT325062 | $ 13,500.00 |
| 623 | 2012 | Hyundai | 3H3V532C8DT325099 | $ 13,500.00 |
| 624 | 2012 | Hyundai | 3H3V532C3DT325009 | $ 13,500.00 |
| 631 | 2012 | Hyundai | 3H3V532C7DT325076 | $ 13,500.00 |
| 637 | 2012 | Hyundai | 3H3V532C1DT325073 | $ 13,500.00 |
| 625 | 2012 | Hyundai | 3H3V532C3DT325012 | $ 13,500.00 |
| 611 | 2011 | Wabash | 1JJV532D6CL729476 | $ 13,500.00 |
| 626 | 2012 | Hyundai | 3H3V532C2DT325082 | $ 13,500.00 |
| 627 | 2012 | Hyundai | 3H3V532C7DT325014 | $ 13,500.00 |
| 628 | 2012 | Hyundai | 3H3V532C5DT325013 | $ 13,500.00 |
| 629 | 2012 | Hyundai | 3H3V532C0DT325016 | $ 13,500.00 |
| 630 | 2012 | Hyundai | 3H3V532C5DT325089 | $ 13,500.00 |